IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2254-D

| | |
|---|---|
| RANDY E. WOODWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On November 24, 2010, Randy E. Woodward ("Woodward" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. The matter is before the court for a preliminary review under 28 U.S.C. § 2243. Woodward seeks to serve the remainder of his sentence[1] in a residential re-entry center ("RRC") and contends that the Bureau of Prisons has violated the Second Chance Act of 2007 by denying him RRC placement. Pet. ¶ 9. On June 28, 2011, Woodward filed a motion for appointment of counsel, to expedite review of his petition, and for a complete copy of the case file [D.E. 4]. As explained below, the court dismisses the petition without prejudice for failure to exhaust administrative remedies and denies petitioner's motion [D.E. 4].

Most circuit courts have held that a prisoner's challenge to BOP regulations governing placement in a RRC may be brought pursuant to 28 U.S.C. § 2241. See, e.g., Garza v. Davis, 596 F.3d 1198, 1200 (10th Cir. 2010); Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242–44 (3d Cir. 2005). But see Richmond v. Scibana, 387

---

[1] Woodward's projected date of release from incarceration is August 17, 2012. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needing MoreList= false&IDType=IRN&IDNumber=04691-084 (last visited August 24, 2011).

F.3d 602, 605–06 (7th Cir. 2004). However, before filing a section 2241 petition, a prisoner must exhaust his administrative remedies. See, e.g., Garza, 596 F.3d at 1203; Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993). The BOP provides a sequential, administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

In general, failure to exhaust is an affirmative defense, and a prisoner is not required to plead or prove exhaustion. See Jones v. Bock, 549 U.S. 199, 215–16 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680–81 (4th Cir. 2005). A district court may raise the affirmative defense of exhaustion sua sponte, provided that the plaintiff is allowed an opportunity to respond. Anderson, 407 F.3d at 682. However, a district court may dismiss an action sua sponte in those rare cases when it is apparent from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse. Moore v. Bennette, 517 F.3d 717, 725–26 (4th Cir. 2008); see Anderson, 407 F.3d at 682–83.

Woodward admits that he failed to exhaust before filing his petition, but "respectfully requests that this Court waive the Administrative Remedy as moot given the time frames involved." See Mem. Supp. Pet. 9. The court declines to excuse Woodward's failure to exhaust before filing his petition. See, e.g., Garza, 596 F.3d at 1203–05; Carrillo v. Warden Edgefield Satellite Prison Camp, No. 0:09-2103-HFF-PJG, 2010 WL 2232127, at *3 n.4 (D.S.C. May 11, 2010) (unpublished), report and recommendation adopted, 2010 WL 2233665 (D.S.C. June 3, 2010) (unpublished); Torres v. Martinez, No. 3:09cv1070, 2009 WL 2487093, at *4 (M.D. Pa. Aug. 12, 2009) (unpublished). Thus, because Woodward failed to exhaust his administrative remedies before filing his petition, the court dismisses the petition without prejudice.

As for Woodward's request for appointment of counsel, no right to counsel exists in civil

cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Woodward's abilities do not present exceptional circumstances. Accordingly, the court denies Woodward's request for appointed counsel.

As for Woodward's request for a copy of the file, a pro se litigant assumes responsibility for properly maintaining his legal records. If additional copies of court filings are required, the Clerk of Court processes requests for a fee of fifty cents per page. See 28 U.S.C. § 1914 n. (District Court Miscellaneous Fee Schedule).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Woodward's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. 28 U.S.C. § 2253(c).

For the reasons stated, the court DISMISSES without prejudice Woodward's application for a writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust administrative remedies and DENIES Woodward's motion [D.E. 4]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 24 day of August 2011.

JAMES C. DEVER III
United States District Judge

3